UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TRAF INTERCONTINENTAL ELEKTRONIK-HANDELS GmbH, a German company, | Case No. 3:17-cv-00672-LRH-WGC |
| | ORDER |
| Plaintiff, | |
| v. | |
| SONOCINE, INC., a Delaware corporation, | |
| Defendant. | |

Plaintiff TRAF Intercontinental Elektronik-Handels GmbH ("TRAF") moves to remand this matter to the Second Judicial District Court of Nevada. ECF No. 8. Defendant Sonocine, Inc. ("Sonocine") opposed the motion, and TRAF replied. ECF Nos. 13, 16. Additionally, Sonocine moves for judgment on the pleadings. ECF No. 7. TRAF opposed the motion, and Sonocine replied. ECF Nos. 10, 14.

The court first denies the motion to remand, finding that it has jurisdiction under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"). The court also denies the motion for judgment on the pleadings, finding that disputes of material facts exist. But despite denying the motion for judgment on the pleadings, the court grants TRAF's request for leave to amend its petition.

**I.      BACKGROUND**

This matter centers on whether an arbitration award conferred by the International Centre for Dispute Resolution ("ICDR") can be enforced under the Convention in conjunction with the

1

Commercial Rules of the American Arbitration Association. ("AAA"). ECF No. 1, Ex. A; *see also* ECF Nos. 8, 13.

In 2014, TRAF, a German company, and Sonocine, a Delaware corporation, allegedly entered into an agreement. ECF No. 1, Ex. A. The alleged agreement provided that TRAF would provide consulting and business development services to Sonocine in the exchange for payment. ECF No. 8, Ex. 3. The alleged agreement also provided that Nevada law would govern the agreement and any disputes would be settled by the Commercial Arbitration Rules of the American Arbitration Association. *Id.* Any arbitration was to be conducted in Reno, Nevada. *Id.*

TRAF alleges that Sonocine breached the agreement. ECF No. 1, Ex. A. It therefore initiated arbitration proceedings with the American Arbitration Association. *Id.*; *see also* ECF No. 8. A final award of $50,000 was entered in favor of TRAF by an ICDR arbitrator. ECF No. 8, Ex. 23. The arbitrator cited the Commercial Rules of the AAA and the Convention as the bases for his decision. *Id.* Throughout the arbitration proceedings and in its papers before this court, Sonocine challenges the existence of an agreement and the enforceability of the arbitral award. ECF Nos. 7–8, 13.

When Sonocine refused to pay the arbitral award, TRAF petitioned to enforce the award in the Second Judicial District Court of the State of Nevada under Nevada Revised Statute ("NRS") § 38.239. ECF No. 1, Ex. A. Sonocine removed the matter to this court shortly after, asserting that federal question jurisdiction exists based on the Convention. ECF No. 1. TRAF now moves to remand the matter to state court. ECF No. 8. Sonocine opposes the motion to remand and moves for judgment on the pleadings. ECF Nos. 7, 13.

## II. DISCUSSION

Because TRAF's motion to remand challenges whether the court has jurisdiction over this matter, the court decides it first. The court then turns to Sonocine's motion for judgment on the pleadings.

### A. Motion to Remand

To begin, the court decides if this matter should be remanded to the state court as TRAF contends or if it is properly before this court based on federal question jurisdiction. "Federal

courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute…." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). A defendant may remove a civil action brought in state court to federal court if the matter could have been filed in federal court originally. 28 U.S.C. § 1441(a). The existence of federal question jurisdiction must ordinarily arise from the face of a well-pleaded complaint rather than from the defenses or counterclaims that could be alleged by a defendant. *Takeda v. Nw. Nat. Life Ins. Co.*, 765 F.2d 815, 821–22 (9th Cir. 1985). But a matter may be removed to federal court even if the ground for removal does not appear on the face of the complaint if the action "relates to an arbitration agreement or award falling under the Convention." 9 U.S.C. § 205; *see also Infuturia Glob. Ltd. v. Sequus Pharm., Inc.*, 631 F.3d 1133, 1137–38 (9th Cir. 2011). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

When a motion to remand comes before a court, the party asserting jurisdiction bears the burden of establishing the existence of federal jurisdiction. *Kokkonen*, 511 U.S. at 377. The party must overcome the presumption "that [the] cause lies outside [the court's] limited jurisdiction." *Id.*. "The burden is particularly stringent for removing defendants because the removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773–74 (9th Cir. 2017) (applying *Kokkonen* to a motion to remand) (internal quotation marks omitted).

TRAF asserts three arguments to support its motion to remand: (1) the at-issue contract does not fall under the Convention; (2) Sonocine recognized that the court lacks jurisdiction in other documents filed in this matter; and (3) Sonocine waived its right to remove this matter. ECF No. 8. The court addresses each of TRAF's arguments in turn.

*1. Applicability of the Convention*

The court first decides if the arbitral award falls under the Convention. The Convention is "an international agreement providing for enforcement of foreign arbitral awards," in which "Party-States to the Convention agree to recognize arbitral awards as binding and enforce them in accordance with their own rules of procedure." *Ministry of Def. of Islamic Republic of Iran v.*

3

*Gould Inc.*, 887 F.2d 1357, 1362 (9th Cir. 1989) (internal punctuation marks omitted). After the United States became a party to the Convention in 1970, Congress codified the provisions of the Convention in Chapter II of the Federal Arbitration Act. *Id.*; *see also* 9 U.S.C. §§ 201–208.

If an arbitral award falls under the Convention, federal district courts have original jurisdiction over the matter because the matter necessarily "arise[s] under the laws and treaties of the United States." 9 U.S.C. § 203. An arbitral award falls under the Convention if it arises from a legal relationship that is considered commercial and is not entirely domestic. 9 U.S.C. § 202; *see also Ministry of Def. of Islamic Republic of Iran*, 887 F.2d at 1362 (listing the requirements for jurisdiction to be conferred on a district court under the Convention). To be considered non-domestic, the arbitral award or the related arbitration agreement must either (1) not be entirely between citizens of the United States or (2) "involves property located abroad, envisages performance or enforcement abroad, or has some other reasonable relation with one or more foreign states." 9 U.S.C. § 202; *see also Ministry of Def. of Islamic Republic of Iran*, 887 F.2d at 1362 (holding an arbitral award was "obviously not domestic in nature" because one of the parties was not a United States citizen).

TRAF argues that the arbitral award in this matter is domestic and therefore does not fall under the Convention. It reasons that the arbitral award is domestic because it was issued in the United States and is also being enforced through a judicial action in the United States. The court disagrees.

The arbitral award in this matter constitutes a nondomestic award under the Convention, because it concerns a dispute arising from an alleged legal relationship not entirely between United States citizens. The arbitral award relates to a legal relationship between a German company (TRAF) and a Delaware corporation (Sonocine). It therefore is "obviously not domestic in nature[.]" *See Ministry of Def. of Islamic Republic of Iran*, 887 F.3d at 1362.

It is inconsequential that TRAF obtained the arbitral award in the United States and seeks to enforce the arbitral award in the United States; the award is still considered nondomestic under the Convention. *See Jacada (Europe), Ltd. v. Int'l Mktg. Strategies, Inc.*, 401 F.3d 701, 706–08 (6th Cir. 2005), *abrogated on other grounds by Hall St. Assocs., L.L.C. v. Mattel, Inc.*,

4

552 U.S. 576 (2008) (explaining the history of the Convention and the definition of a nondomestic award). Article 1(1) of the Convention provides that:

> This Convention shall apply to the recognition and enforcement of arbitral awards made in the territory of a State other than the State where the recognition and enforcement of such awards are sought, and arising out of differences between persons, whether physical or legal. *It shall also apply to arbitral awards not considered as domestic awards in the State where their recognition and enforcement are sought.*

Convention on the Recognition and Enforcement of Foreign Arbitral Awards, art. 1(1), June 10, 1958, 21 U.S.T. at 2519, (emphasis added). Under the second sentence of Article 1(1), the Convention applies to arbitral awards considered nondomestic. *See id.* Congress provided guidance for distinguishing nondomestic awards from domestic awards, stating:

> An agreement or award arising out of [a commercial, legal relationship] which is entirely between citizens of the United States shall be deemed not to fall under the Convention *unless that relationship involves property located abroad, envisages performance or enforcement abroad, or has some other reasonable relation with one or more foreign states.*

9 U.S.C. § 202 (emphasis added). While Section 202 refers to agreements "entirely between citizens of the United States," several circuit courts have relied on the above-emphasized criteria to find an arbitral award or arbitration agreement between a United States citizen and a foreign citizen as nondomestic even if a party obtained and enforced the arbitral award in the United States. *See, e.g., Jacada (Europe), Ltd.*, 401 F.3d at 708–09 (Sixth Circuit opinion); *Indus. Risk Insurers v. M.A.N. Gutechoffnungshutte GmbH*, 141 F.3d 1434, 1440 (11th Cir. 1998); *Lander Co. v. MMP Investments, Inc.*, 107 F.3d 476, 481–82 (7th Cir. 1997); *Jain v. de Mere*, 51 F.3d 686, 689 (7th Cir. 1995); *Bergesen v. Joseph Muller Corp.*, 710 F.2d 928, 933 (2d Cir. 1983); *Ledee v. Ceramiche Ragno*, 684 F.2d 184, 186–87 (1st Cir. 1982). The court agrees with the circuit courts and holds that arbitral awards involving a United States citizen and a citizen of another Party-State to the Convention qualifies as a nondomestic award. To hold otherwise would lead to a "perplexing [result] that the foreign identity of one of the parties to the suit actually makes a claim less likely to be governed by the Convention" than a suit entirely between United States citizens. *Jacada (Europe), Ltd.*, 401 F.3d at 708.

Because the court finds that the arbitral award is nondomestic, the award will fall under the Convention if it arises from an alleged legal relationship that is commercial in nature. The

alleged agreement between TRAF and Sonocine arranged for the exchange of payment for business services. Thus, the alleged agreement arises from a legal relationship with a commercial nature. It therefore falls under the Convention, giving the court jurisdiction over the matter.

   2. *Sonocine's Contrary Statements*

The court next turns to TRAF's argument that the matter should be remanded to state court because Sonocine admitted that the court lacks jurisdiction in its other filings. But TRAF cites no law allowing the court to withhold the exercise of federal jurisdiction based on contrary statements.[1] And as held above, the court has original jurisdiction over this matter because the arbitral award falls under the Convention. So while it is true that Sonocine stated that the court lacks jurisdiction over this matter in its other filings[2], TRAF fails to persuade the court to remand the matter on the basis of Sonocine's contrary statements.

   3. *Waiver of Right to Remove*

The court now considers TRAF's final argument. TRAF argues that Sonocine waived its right to remove the matter to federal court by agreeing to arbitrate, in accordance with Nevada laws, any dispute arising between the parties in relation to the agreement. TRAF also points to Sonocine's refusal to participate in arbitration based on its belief that the Washoe County District Court was the appropriate court to compel arbitration.

It is true that the alleged agreement provides for arbitration and for the applicability of Nevada law. However, an agreement to apply Nevada law when construing the alleged agreement does not equate to a waiver of federal jurisdiction over a matter involving the enforcement of an arbitral award falling under the Convention. In other words, the alleged

---

[1] To the extent that TRAF is attempting to assert a judicial estoppel argument, the argument fails. The court has not previously accepted an inconsistent position regarding its jurisdiction. *See Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1044–45 (9th Cir. 2016) ("[C]ourts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled." (internal quotations omitted)).

[2] In its answer, Sonocine asserts as an affirmative defense that the court lacks subject matter jurisdiction over TRAF's claim. ECF No. 5, ¶ 2. In its motion for judgment on the pleadings, Sonocine argues that the arbitral award cannot be enforced under the Convention because Sonocine never agreed to international arbitration or arbitration conducted by the ICDR. ECF No. 7 at 4. It also asserts that the arbitral award does not constitute a foreign award as contemplated by the Convention. *Id.* at 3. And finally, in both its answer and its motion for judgment on the pleadings, Sonocine asserts the arbitral award cannot be enforced under the Convention because no valid agreement exists between the parties. ECF Nos. 5, ¶ 5; ECF No. 7 at 3–4.

agreement merely provides for disputes to be resolved in arbitration using Nevada law. But the agreement does not strip the court of its original jurisdiction to enforce an arbitral award—even one made according to Nevada laws—when the award falls under the Convention. Thus, the court dismisses TRAF's final argument in support of its request for a remand and denies TRAF's motion accordingly.

### B. Motion for Judgment on the Pleadings

The court now turns to Sonocine's motion for judgment on the pleadings. Federal Rule 12(c) allows a party to move for judgment on the pleadings "[a]fter the pleadings are closed … but early enough not to delay trial[.]" Fed. R. Civ. P. 12(c). "A judgment on the pleadings is properly granted when, taking all the allegations in the pleading as true, the moving party is entitled to judgment as a matter of law." *San Francisco Apartment Ass'n v. City & Cty. of San Francisco*, 881 F.3d 1169, 1175 (9th Cir. 2018) (quoting *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 978–79 (9th Cir. 1999)). Judgment on the pleadings is proper when there are no issues of material fact, and the moving party is entitled to judgment as a matter of law." *General Conference Corp. of Seventh Day Adventists v. Seventh Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989) (citing Fed. R. Civ. P. 12(c)). "The motion for a judgment on the pleadings only has utility when all material allegations of fact are admitted or not controverted in the pleadings and only questions of law remain to be decided by the district court." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1367 (3d. Ed. 2004).

"In ruling on a motion for judgment on the pleadings, district courts must accept all material allegations of fact alleged in the complaint as true, and resolve all doubts in favor of the non-moving party." *Religious Tech. Ctr. v. Netcom On-Line Comm. Servs., Inc.,* 907 F.Supp. 1361, 1381 (N.D. Cal. 1995). Judgment on the pleadings is improper if the district court must go beyond the pleadings to resolve an issue. *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989).

Sonocine asserts three arguments to support its request for judgment on the pleadings. It first argues that the arbitral award is not a foreign award and, thus, does not fall under the

Convention. But the court has resolved this argument in deciding the motion to remand. The court holds *supra* that the arbitral award falls under the Convention because it is nondomestic. The court arrived at its holding based in part on Sonocine's assertions that the Convention applied. The court will not now entertain Sonocine's contrary argument. *See Kobold*, 832 F.3d at 1044–45 (outlining the elements for judicial estoppel).

Sonocine next argues for judgment on the pleadings because TRAF failed to attach a copy of the alleged agreement as required by the Convention. But while the Convention gives this court jurisdiction over the matter since the matter "relates to an [arbitral award] falling under the Convention," *see* 9 U.S.C. § 205, TRAF does not seek to enforce the arbitral award under the Convention. ECF No. 1, Ex. A. It instead seeks to enforce the arbitral award under NRS § 38.239. Thus, it is irrelevant that the Convention requires a party to attach alleged agreements to a petition when the party is seeking to enforce an arbitral award under the Convention. NRS Chapter 38 does not impose the same requirements. *See* NRS §§ 38.206–38.248.

Sonocine finally argues for judgment on the pleadings because TRAF failed to allege that Sonocine agreed to international arbitration with the ICDR. This argument fails, too; TRAF alleges that it presented its claims to the ICDR in conjunction with the AAA and that Sonocine agreed to resolve disputes through arbitration conducted by the AAA. *Id.* Sonocine disputes these allegations. ECF No. 5. This dispute, which involves material facts, prevents the court from entering judgment as a matter of law in favor of Sonocine.

Despite Sonocine's failure to persuade the court that it is entitled to judgment on the pleadings, the court grants TRAF's request for leave to amend its petition. Specifically, the court notes that while NRS § 38.239 provides a basis on which TRAF can enforce its arbitral award in state court, NRS § 38.244(2) confers exclusive jurisdiction to Nevada state courts to confirm an award under NRS § 38.239 if the arbitration agreement provided for arbitration in Nevada. Here, the alleged agreement states that any arbitration will be conducted in Reno, Nevada. TRAF provides no alternative basis on which the court may confirm the award. Because this matter was first brought in state court, alternate avenues for relief are available to TRAF, and TRAF requested to amend its petition before the deadline imposed in the related scheduling order (*see*

ECF No. 21), the court grants TRAF leave to amend its petition. Fed. R. Civ. P. 15(a) (providing leave to amend should be freely given). TRAF may amend its petition within thirty days of the entry of this order.

**III.    CONCLUSION**

IT IS THEREFORE ORDERED that TRAF Intercontinental Elektronik-Handels GmbH's motion to remand (ECF No. 8) is **DENIED**.

IT IS FURTHER ORDERED that Sonocine, Inc.'s motion for judgment on the pleadings (ECF No. 7) is **DENIED.**

IT IS FURTHER ORDERED that TRAF Intercontinental Elektronik-Handels GmbH has leave to amend its petition within thirty days of the entry of this order.

IT IS SO ORDERED.

DATED this 19th day of June, 2018.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE