UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

TRAF INTERCONTINENTAL
ELEKTRONIK-HANDELS GmbH,

                    Petitioner,

    v.

SONOCINE, INC.,

                    Respondent.

Case No. 3:17-cv-00672-LRH-WGC

ORDER

Respondent Sonocine, Inc. ("Sonocine") has filed a motion to dismiss the amended petition of Traf Intercontinental Elektronik-Handels, GmbH ("Traf") to confirm its arbitration award. (ECF No. 28). Traf timely responded (ECF No. 31), and Sonocine timely replied (ECF No. 32). Following close of briefing, Traf filed a motion to confirm its arbitration award against Sonocine. (ECF No. 33). For the reasons stated below, the Court will deny Sonocine's motion to dismiss and grant Traf's motion to confirm the arbitration award. The Court will also grant Traf's request for pre-judgment interest and its request for attorney's fees, although it will defer judgment on the amount of attorney's fees to award until it receives supplemental briefing.

## I. Factual Background and Procedural History

According to Traf's amended petition, on May 1, 2014, Traf, a German-based company, and Sonocine, a Reno, Nevada-based company, entered into an agreement entitled the "Consulting and Professional Services Provider Agreement." (ECF No. 25 at 2). Pursuant to the agreement, Traf would act as Sonocine's "liaison" in helping it develop its business in Europe, Africa, and the

Middle East. (ECF No. 25-1 at 2). The contract included an arbitration provision which, in relevant part, provides:

> [A]ny disputes or questions arising hereunder…shall be settled by arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association (AAA) then in force. The arbitrators shall look solely to the [contract] to settle the dispute or questions unless the matter is not covered in the [contract]… Such arbitration shall be brought in Reno, Nevada. . .The parties expressly agree that any award rendered in such arbitration shall be final, binding, and conclusive and that judgment may be entered in any court of competent jurisdiction upon such award.

(*Id*. at 4–5). The contract also contained a provision stating that it would be "governed by and construed in accordance with the laws of the State of Nevada." (*Id*.) Although the contract was signed by Sonocine's CEO on May 6, 2014, the contract itself states that it was not signed by Traf's representative until June 6, 2016.[1] (*Id*.)

Traf has alleged that Sonocine breached the contract by "failing to pay the fixed monthly fees of $2,500, additional compensation, and the early termination fee." (ECF No. 25 at 2; ECF No. 31 at 3). Traf filed for arbitration with the AAA on July 26, 2016. (*Id*.) On July 29, the AAA informed both Sonocine and Traf that based on the documents they had filed, the arbitration proceedings would be conducted under the AAA's Commercial Rules rather than the Consumer Rules. (ECF 10-6 at 2). If either party disagreed with the AAA's rules determination, then they were to file objections before the due date for filing an answer. (*Id*.) On August 24, 2016, the AAA informed both parties that the International Centre for Dispute Resolution ("ICDR"), a division of the AAA, would be administering the arbitration proceedings. (ECF No. 10-9 at 2). On August 27, Sonocine informed both the ICDR and Traf that it would not participate in arbitration unless a "Nevada District Court" issued a "final nonappealable [sic] order" compelling it to enter arbitration. (ECF No. 10-10 at 2). On October 12, 2016, the ICDR appointed Nevada attorney James P. Chrisman as the arbitrator, who subsequently held a telephone conference with the parties

---

[1] In its opposition to Sonocine's motion to dismiss, Traf states that on August 19, 2016, it demonstrated to Sonocine that it had signed the agreement in June 2014, not in June 2016. (ECF No. 31 at 4). In an earlier filing, Traf attached an email stating that it had sent Sonocine a signed copy of the contract via email on June 6, 2014. (ECF No. 10-8 at 3).

2

on October 24. (ECF No. 10-18 at 2; ECF No. 10-22 at 2). Sonocine did not participate in either the selection of the arbitrator or the telephone conference. (*Id*.)

The arbitration itself was held on December 8, 2016. Sonocine appeared at the arbitration hearing, but after Arbitrator Chrisman rejected its argument that the claim was not arbitrable, "exited" the hearing and did not participate any further. (ECF 10-23 at 4). Following Traf's presentation of evidence, Arbitrator Chrisman ruled in its favor and awarded it $50,000. (*Id*.) The arbitration award was confirmed on January 25, 2017. (*Id*. at 2). On October 18, 2017, Traf filed a petition to confirm the arbitration award in Nevada state court. (ECF No. 1-1 at 2). Sonocine subsequently removed the action to federal court on November 9, 2017, and on June 19, 2018, this Court denied Traf's motion to remand the case back to state court. (ECF No. 1 at 3; ECF No. 23). In that same order, the Court also denied Sonocine's motion for judgment on the pleadings. (ECF No. 23). Traf subsequently filed an amended petition on July 18, 2018, which Sonocine now seeks to dismiss. (ECF No. 28). Finally, on September 24, 2018, Traf filed a motion to confirm its arbitration award. (ECF No. 33).

## II. Legal Standard

Sonocine seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, a complaint must satisfy Federal Rule of Civil Procedure 8(a)(2)'s notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; a pleading, however, that offers " 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action' " will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 556 U.S. at 667 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience

and common sense, that the defendant is liable for the misconduct alleged. *Id.* "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *Id.*

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Iqbal*, 556 U.S. at 667. Even so, "bare assertions. . .amount[ing] to nothing more than a formulaic recitation of the elements of a. . .claim. . .are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 681) (brackets in original) (internal quotation marks omitted). The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 556 U.S. at 681.) "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id.*

### III. Discussion

### A. Sonocine's Motion to Dismiss

Sonocine has requested that this Court dismiss Traf's petition for two reasons. First, it requests dismissal because it argues that it never consented to arbitrate its claims before the ICDR. (ECF No. 28 at 13). Second, it argues that Traf's claims are barred by the terms of the 1958 Convention on the Recognition and Enforcement of Arbitral Awards ("New York Convention"). (*Id.* at 14). Traf responds by arguing that Sonocine has waived any defenses to the enforcement of the arbitration award because it did not seek to vacate the award within three months of its issuance. (ECF No. 31 at 8). Alternatively, it argues that petitions to confirm arbitration awards are motions, not pleadings, and thus are not subject to motions to dismiss. (*Id.* at 11).

The Federal Arbitration Act ("FAA") allows any party to petition the Court to confirm, vacate, modify, or correct an arbitration award. 9 U.S.C. §9. A party moving to vacate an award must show that (1) the award was procured by corruption, fraud, or undue means; (2) the existence of evident partiality or corruption in the arbitrator; (3) any party was prejudiced by the arbitrator's

misbehavior, such as refusing to hear evidence or postpone the hearing; or (4) the arbitrator exceeded his powers or imperfectly executed them in an inappropriate manner. *U.S. Life Ins. Co. v. Superior Nat. Ins. Co.*, 591 F.3d 1167, 1173 (9th Cir. 2010); 9 U.S.C. §10. *See also Hall St. Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 583 (2008) (affirming that a party may seek to vacate an arbitration award only through meeting one of §10's requirements). These limited grounds for vacatur are "designed to preserve due process but not to permit unnecessary public intrusion into private arbitration procedures." *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 998 (9th Cir. 2003) (en banc). If a party seeks to vacate an arbitration award, it must serve the opposing party with notice of its intent to do so within three months after the award is filed or delivered. *Stevens v. Jiffy Lube Int'l, Inc.*, 911 F.3d 1249, 1251–52 (9th Cir. 2018); 9 U.S.C. §12. Failure to do so results in the permanent waiver of all possible defenses. *Sheet Metal Workers Int'l Ass'n, Local No. 252 v. Standard Sheet Metal, Inc.*, 699 F.2d 481, 483 (9th Cir. 1983).

Here, there is no evidence to indicate that Sonocine moved to vacate Arbitrator Chrisman's award within the three-month statutory period. The record indicates that the arbitration award was confirmed on January 25, 2017. (ECF 10-23 at 2). This means that Sonocine had until April 25, 2017, to move to vacate the award. *See Stevens v. Jiffy Lube Int'l, Inc.*, 911 F.3d 1249, 1252 (9th Cir. 2018) (timeframe to vacate is calculated in months, not days). It is uncontested that Sonocine never did so, and therefore, as this Court has previously held, it has waived any objection to the enforcement of the award. *See Inomedic/Innovative Health Applications, LLC v. Noninvasive Medical Technologies, Inc.*, 2016 WL 5934419, at *2 (D. Nev. Oct. 11, 2016) (respondent waived all challenges to an arbitral award when it did not move to vacate the award within three months).

Sonocine states that it is not attacking the validity of an arbitral award but rather objecting to its recognition and enforceability by a federal District Court. (ECF No. 32 at 7). This argument has no merit. Sonocine is essentially arguing that a federal court does not have jurisdiction to enforce the award, but it ignores the fact that that it removed this action to federal court in the first place and invoked the Court's federal question jurisdiction. As the Court previously alluded to, in a previous order, the Court denied Traf's motion to remand the action back to state court because

the arbitral award fell under the purview of the New York Convention. (ECF No. 23 at 5–6). In doing so, the Court rejected the same argument that Sonocine repeats in its motion to dismiss, namely that the New York Convention bars the enforceability of Traf's arbitration award. (*Id.*; ECF No. 28 at 14). In the same order, the Court also allowed Traf to amend its petition to include alternative bases for relief because it had first brought its action in state court and sought to enforce the award under Nevada law. (*Id.* at 8). It did so, adding in claims under the New York Convention as codified in the FAA. (ECF No. 25 at 1–2). Sonocine cannot have it both ways. It removed an action brought under state law to federal court and sought to have judgment entered on the pleadings because Traf's petition did not comply with federal law. It now seeks to dismiss Traf's amended petition based on (1) defenses it waived when it did not contest the award within three months and (2) arguments the Court has previously rejected, including lack of subject matter jurisdiction. Just as the Court did before, the Court will reject Sonocine's jurisdiction argument and deny its motion to dismiss.

### B. Traf's Motion to Confirm the Arbitral Award

The Court now turns to Traf's motion to confirm its arbitral award. (ECF No. 33). As the Court has previously stated, §9 of the FAA allows any party to petition the Court to confirm an arbitration award. 9 U.S.C. §9. §207 allows for the prevailing party to apply for confirmation of an award:

> Within three years after an arbitral award falling under the [New York] Convention is made, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration. The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said [New York] Convention.

*Ministry of Defense and Support for the Armed Forces of the Islamic Republic of Iran v. Cubic Defense Sys., Inc.*, 665 F.3d 1091, 1095–96 (9th Cir. 2011) (citing 9 U.S.C. §207) (hereinafter *Cubic Defense Systems*). A court is obligated to confirm an arbitration award unless the award is vacated, modified, or corrected, even if the arbitrator made erroneous findings of fact or misinterpretations of law. *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 997 (9th Cir. 2003) (en banc). Here, the Court has previously determined that the arbitral award is

under the purview of the New York Convention, and Traf filed its original action to recover its award on October 18, 2017, well-within the three-year statutory period. (ECF No. 1-1 at 2). Therefore, Traf has met all the statutory requirements to properly petition for its arbitral award. And because the Court has already determined that Sonocine has waived any defense to the enforcement of the arbitral award, the Court will grant Traf's motion to confirm the award.

### C. Traf's Request for Prejudgment Interest and Attorney's Fees

In its motion to confirm its arbitral award, Traf also requests prejudgment interest and reasonable attorney's fees. (ECF No. 33 at 15). As to the former issue, Traf requests $7,576.10 in prejudgment interest pursuant to N.R.S. 17.130(2). (ECF No. 33 at 15). That statute provides, in pertinent part, that when "no rate of interest is provided by contract or otherwise by law, or specified in the judgment, the judgment draws interest from the time of service of the summons and complaint until satisfied...at a rate equal to the prime rate at the largest bank in Nevada…immediately preceding the date of judgment, plus 2 percent." N.R.S. 17.130(2). Traf has calculated the daily interest rate at $9.95 ($50,000 x .07 ÷ 365). (ECF No. 33 at 15). The total, therefore, is $7,576.10 because 790 days have passed since Traf served Sonocine with its demand for arbitration. (*Id*. at 15–16). Sonocine did not respond to Traf's request for prejudgment interest.

In *Cubic Defense Systems*, the Ninth Circuit held that federal courts have authority to impose post-award, prejudgment interest in arbitral award cases arising under the New York Convention. 665 F.3d 1091, 1102–03 (9th Cir. 2011). In holding so, the Ninth Circuit noted how nothing in the either New York Convention or the federal statutes implementing it prohibits the awarding of prejudgment interest or indicates Congress's intent to do so. *Id*. at 1103. Even so, the Ninth Circuit cautioned that courts should not award prejudgment interest where the arbitrator has determined that such interest is not available. *Id*. Here, Arbitrator Chrisman did not comment on prejudgment interest nor exclude it in his final award, so it is left to the Court's discretion whether to award it or not. (ECF No. 25-2 at 3).

The Court will grant Traf prejudgment interest, but only for $851.20. As an initial matter, Local Rule 7-2(d) states that the failure of an opposing party to file points and authorities in response to any motion (except motions under Federal Rule of Civil Procedure 56), including

motions for attorney's fees, constitutes consent to the granting of the motion. It is uncontested that Sonocine did not respond to Traf's request for prejudgment interest, so its non-responsiveness is enough, standing alone, for the Court to award Traf prejudgment interest. There is also a general presumption in favor of awarding prejudgment interest, so by not responding, Sonocine has not made the requisite "persuasive showing" to the contrary. *Purus Plastics GmbH v. Eco-Terr Distributing, Inc.*, 2018 WL 3064817, at *10 (W.D. Wash. June 21, 2018) (citing *Cont'l Transfert Technique Ltd. v. Fed Gov't of Nigeria*, 932 F. Supp.2d 153, 164 (D.D.C. 2013); *Waterside Ocean Navigation Co. v. Int'l Navigation, Ltd.*, 737 F.2d 150, 154 (2d Cir. 1984)).

As to the amount of interest itself, 28 U.S.C. §1961 is the statute that addresses the calculation of prejudgment interest in civil cases that result in money judgments. Generally, the Ninth Circuit utilizes the interest rate prescribed in §1961(a) for fixing the rate of prejudgment interest in cases brought under the court's federal question jurisdiction. *Asdale v. Int'l Game Tech.*, 763 F.3d 1089, 1093 (9th Cir. 2014); *Oak Harbor Freight Lines, Inc. v. Sears Roebuck & Co.*, 513 F.3d 949, 961 (9th Cir. 2008). §1961(a) calculates prejudgment interest at a rate "equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." Because the Court has jurisdiction over Traf's arbitral award pursuant to the New York Convention, the Court will calculate the interest owed under §1961(a). For the week preceding Traf's arbitral award date of January 25, 2017, the Federal Reserve's interest rate was 0.82%. Over a 365-day period and against an award of $50,000, the interest accumulated at $1.12 per day. From the entry of Traf's final award on January 25, 2017, to the date of this order's entry, 760 days have passed. Therefore, the total prejudgment interest in this case is $851.20. The Court will accordingly award that amount to Traf.

In addition to prejudgment interest, Traf has also requested reasonable attorney's fees. It argues that it should be awarded attorney's fees because Sonocine has engaged in a series of "obstructive, unfounded filings and strategic maneuvers which have caused Traf to incur unnecessary attorney's fees and costs." (ECF No. 33 at 16). In response, Sonocine argues that attorney's fees cannot be awarded to Traf in this case because neither the FAA, New York

Convention, or the parties' contract provide a basis for awarding attorney's fees. (ECF No. 34 at 18). Even without express statutory authority, federal courts may still award attorney's fees when the losing party has acted in "bad faith, vexatiously, wantonly, or for oppressive reasons." *Cubic Defense Systems*, 665 F.3d 1091, 1104 (9th Cir. 2011). In the realm of arbitral awards, an "unjustified refusal to abide by an arbitrator's award. . .may equate an act taken in bad faith, vexatiously, or for oppressive reasons." *Sheet Metal Workers' Int'l Ass'n Local Union No. 359 v. Madison Indus., Inc.*, 84 F.3d 1186, 1192 (9th Cir. 1996).

In this case, the Court will award Traf reasonable attorney's fees. Several factors play into the Court's decision. First, the Court is concerned with Sonocine's behavior during the arbitration process itself. Sonocine repeatedly refused to meaningfully participate in the arbitration process despite expressly agreeing to an arbitration provision in its contract with Traf. This behavior is best illustrated by Sonocine's representative, Terrence O. Kelly, attending the December 8, 2016 arbitration hearing but leaving immediately after Arbitrator Chrisman found that he had jurisdiction to arbitrate Traf's claim. (ECF 10-23 at 4). Sonocine's argument for refusing to do so – that it only agreed to arbitrate before the AAA and not ICDR – is without merit, as the ICDR is a division of the AAA created for arbitrating claims involving non-American parties. Second, Sonocine's defense of Traf's petition to confirm the arbitral award has also concerned the Court. Sonocine removed Traf's petition from Nevada state court to this Court, but it then argued across several motions that this Court did not have jurisdiction to confirm Traf's award. The only court that did, according to Sonocine, was the very court from which it removed the action. Third, if Sonocine felt that the arbitration award was unjustly entered, then it could have moved to vacate the award instead of steadfastly refusing to respect it and forcing Traf to expend the time and money of trying to enforce it. It did not, which combined with its other behavior throughout the course of arbitration and these proceedings, brings its conduct into the realm of being vexatious. *See Sheet Metal Workers' Intern. Association Local Union No. 359 v. Madison Industries, Inc. of Arizona*, 84 F.3d 1186, 1192 (9th Cir. 1996) (upholding a District Court's finding of bad faith and grant of attorney's fees where respondent failed to honor the arbitration award and never requested that it be vacated). Sonocine's contradictory arguments and outright refusal to participate in the

arbitration that it agreed to have frustrated a process designed to streamline the resolution of disputes between parties. As of the entry of this order, over two years have elapsed since Arbitrator Chrisman ruled in favor of Traf.

Although the Court has decided to award Traf reasonable attorney's fees, the amount it will award is still in question. Counsel for Traf has estimated its costs at $13,762.75, but that cost does not include the fees and costs incurred in filing its motion to confirm the arbitration award. (ECF No. 33 at 16). Additionally, while Traf attached an affidavit from its counsel to its motion, neither the affidavit nor the portion of its motion addressing attorney's fees discusses all the factors required by Local Rule 54-14(b)(3). If Traf still wishes to pursue attorney's fees, then it will have fourteen days from the entry of this order to file a renewed motion that complies with LR 54-14(b)(3). An agreement between Traf and Sonocine on the amount of attorney's fees obviates the need for Traf to file a renewed motion, and the Court encourages the parties to discuss among themselves what an appropriate fee would be.

### IV. Conclusion

IT IS THEREFORE ORDERED that Sonocine's motion to dismiss (ECF No. 28) is **DENIED.**

IT IS FURTHER ORDERED that Traf's motion to confirm the arbitration award (ECF No. 33) is **GRANTED**.

IT IS FURTHER ORDERED that the Clerk of Court shall enter judgment in favor of Traf Intercontinental Elektronik-Handels, GmbH, for $50,851.20 and against Sonocine, Inc.

IT IS FURTHER ORDERED that unless there is an agreement between the parties, Traf shall file a renewed motion for attorney's fees within **fourteen days** of entry of this order.

IT IS SO ORDERED.

DATED this 25th day of February, 2019.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE